## MILTON'S PETITION.

A petition in behalf of a town, praying leave to discontinue a highway, signed by two only of a committee of three, may be amended by adding the name of the third.

THE town of Milton voted to discontinue a highway, and appointed a committee of three persons, to petition the Court of Common Pleas for their consent to the discontinuance. A petition was presented, stating these facts, but it was signed by only two of the committee. Upon an objection to the petition on this ground, the town now moves for leave to amend the petition, by adding the signature of the other member of the committee.

*Christie*, for the petitioners.

*Hobbs*, for the petitionees.

BELL, J. The general powers of the courts of this State in relation to amendments are very extensive. *No proceeding in court* is to be abated for any error or mistake, where the person or case may be rightly understood by the court. And the courts may, on motion, order amend-

ments in any such case. Rev. Stat. 375, ch. 186, sec. 10. And amendments in matter of substance may be permitted in any action, upon such terms as the court shall deem just and reasonable. Rev. Stat. 376, ch. 186, sec. 11.

If in this case there is any proceeding in court, or, in other words, if this petition is not a mere nullity, it may be amended. No statute provision or legal rule is found which prescribes the mode in which petitions in behalf of towns shall be signed, and no reason occurs to us why a petition signed by the selectmen, or by the agent, or attorney of the town in its name, should not be sufficient. And the signature of one or more of the committee, if authorized by the others, might reasonably be considered a sufficient signature, as that of an attorney employed by them.

Upon a question being made as to the authority of those who assume to appear and act for a town, the court would require evidence that they have been in some proper way authorized so to act as the agents of the town; and in this or a like case they would require it to be shown that the petition on which they are desired to act is prosecuted by persons who are duly authorized to act in the premises; and if it appeared that the petition, whether originally properly signed or not, was assumed and recognized by persons duly authorized to act for the town, it might reasonably be held sufficient.

The amendment proposed is one of the modes of showing the court that this petition is the act of all the agents appointed by the town, and, of course, of the town itself. As we see no objection, either in the law or in any probable injury to any one, we think the amendment should be allowed.